J-A25030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH NAPOLEON JONES | : | |
| | : | |
| Appellant | : | No. 1901 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 22, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005543-2017

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 17, 2020**

Appellant, Joseph Napoleon Jones, appeals from the October 22, 2018 judgment of sentence that imposed an aggregate sentence of two to four years of imprisonment and ordered Appellant to pay a $150.00 fine after a jury convicted Appellant of strangulation – applying pressure to the throat or neck, simple assault, and criminal mischief - tampering with tangible property of another.[1]  Appellant's attorney, Marc J. Semke, Esq. ("Attorney Semke"), filed an **Anders** brief[2] and a petition to withdraw.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1), and 3304(a)(2), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

The record demonstrates that Appellant and the victim were in a romantic relationship until a physical altercation between the two parties occurred on July 29, 2017.  As a result of his actions during the altercation, Appellant was charged with the aforementioned crimes on September 22, 2017.  At the conclusion of trial on September 11, 2018, a jury convicted Appellant of the aforementioned crimes.  On October 22, 2018, the trial court sentenced Appellant to a term of two to four years' incarceration for his strangulation conviction and a concurrent term of one to two years' incarceration for his simple assault conviction.  The trial court imposed a $150.00 fine on Appellant for his criminal mischief conviction.  Additionally, Appellant was ordered to have no contact with the victim.  Appellant did not file a post-sentence motion or appeal his judgment of sentence.

On March 20, 2019, Appellant filed *pro se* a request for modification of sentence.  The trial court considered Appellant's *pro se* request for modification of sentence as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and appointed Kristopher Accardi, Esq. ("Attorney Accardi") to represent Appellant.[3]  On July 8, 2019,

---

[3] "[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (citations omitted).  Here, Appellant's judgment of sentence became final on November 21, 2018, 30 days from the judgment of sentence and upon the expiration of the time in which to file a direct appeal.  **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "[f]or purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

counsel filed an amended PCRA petition setting forth a claim for *per se* ineffective assistance of trial counsel for failure to file a timely direct appeal of Appellant's judgment of sentence. The amended PCRA petition requested that the trial court reinstate Appellant's direct appeal rights *nunc pro tunc*. On October 21, 2019, the PCRA court granted Appellant's petition and reinstated his direct appeal rights *nunc pro tunc*.[4]

On November 20, 2019, Appellant filed a notice of appeal. The trial court subsequently ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied, and the trial court filed its Rule 1925(a) opinion on January 31, 2020.

In an April 15, 2020 *per curiam* order, this Court dismissed Appellant's appeal for counsel's failure to file a brief. On April 23, 2020, the trial court removed Attorney Accardi as attorney-of-record[5] and appointed Attorney

---

or at the expiration of time for seeking the review"); **see also** Pa.R.Crim.P. 720(3) (stating, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence").

[4] A review of the PCRA hearing transcript demonstrates that the Commonwealth agreed that Appellant's direct appeal rights should be reinstated *nunc pro tunc*. N.T., 10/21/19, at 2.

[5] Attorney Accardi filed a petition to withdraw as counsel with the trial court on March 19, 2020, stating that due to his recent acceptance of employment as solicitor for Adams County, Pennsylvania Children and Youth, he was unable to continue his representation of Appellant. The petition to withdraw further stated that there were no pending proceedings scheduled in Appellant's case.

Semke to represent Appellant.  On May 12, 2020, Attorney Semke filed an

application with this Court to reinstate Appellant's direct appeal.  In a May 13,

2020 *per curiam* order, this Court reinstated Appellant's appeal.  On July 22,

2020, Attorney Semke filed an **Anders** brief and a petition to withdraw as

Appellant's counsel.[6]

Preliminarily, we must address Attorney Semke's petition to withdraw

and the accompanying **Anders** brief, both alleging this appeal is frivolous.

"When presented with an **Anders** brief, this Court may not review the

merits of the underlying issues without first passing on the request to

withdraw."  **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super.

2010) (citation omitted).  In order to withdraw pursuant to **Anders**, "counsel

must file a brief that meets the requirements established by our Supreme

Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)."

**Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel

citation omitted).  Specifically, counsel's **Anders** brief must comply with the

following requisites:

> (1) provide a summary of the procedural history and facts, with
> citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably
> supports the appeal;

---

[6] The Commonwealth did not file a brief in this matter.  Rather, on August 21, 2020, the Commonwealth filed a letter *in lieu* of a brief, stating that it agreed with Attorney Semke's assessment that Appellant's appeal was frivolous.

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** (citation omitted).

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the ***Anders*** brief to his [or her] client." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).  The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Id.***  "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Attorney Semke satisfied the technical requirements of ***Anders*** and ***Santiago***.  In his ***Anders*** brief, counsel identified the pertinent factual and procedural history and made citation to the record.  Counsel raises two claims challenging the sufficiency of the evidence to support Appellant's convictions of strangulation and simple assault, respectively, that could

arguably support an appeal, but ultimately, counsel concludes the appeal is frivolous. Counsel also attached to his petition a letter to Appellant that fulfills the notice requirements of **Millisock**.[7] Appellant has not filed a response to counsel's letter, the **Anders** brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In his **Anders** brief, counsel raises the following issues on Appellant's behalf:

1.  Whether the evidence presented was insufficient to sustain the conviction for strangulation?

2.  Whether the [evidence] presented was insufficient to sustain the conviction for simple assault?

**Anders** Brief at 7. These issues raise claims challenging the sufficiency of the evidence for which our standard of review and scope of review are well-settled.[8]

---

[7] Neither the **Anders** brief nor the petition to withdraw include proof of service demonstrating that counsel provided the same to Appellant. A review of the **Millisock** letter, however, states that counsel enclosed with the letter a copy of the **Anders** brief and the petition to withdraw.

[8] Counsel concedes that the Rule 1925(b) statement, filed by prior appellate counsel, failed to state the element or elements of the crime upon which the evidence was insufficient. **Anders** Brief at 15-16; **see** Appellant's Rule 1925(b) Statement, 12/16/19; **see also Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (holding that an issue challenging the sufficiency of the evidence is waived when the Rule 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient), *appeal denied*, 3 A.3d 670 (Pa. 2010).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Pappas***, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004).

Section 2718(a)(1) of the Pennsylvania Crimes Code states, "A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by [] applying pressure to the throat or neck." 18 Pa.C.S.A. § 2718(a)(1). The

_____

Here, a review of Appellant's Rule 1925(b) statement demonstrates that prior appellate counsel failed to set forth the specific element or elements of the crime upon which Appellant contends the evidence is insufficient, and therefore, the issues are waived. However, whenever an issue, which is otherwise waived on appeal, is raised in the context of an ***Anders*** brief, we will consider the issue to determine its merit. ***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001) (holding, that ***Anders*** requires the review of issues otherwise waived on appeal).

"[i]nfliction of a physical injury to a victim [is] not [] an element of the offense." ***Id.*** at § 2718(b) (stating, "[t]he lack of physical injury to a victim shall not be a defense in a prosecution under this section").

Pursuant to Section 2701(a)(1) of the Crimes Code, a person is guilty of simple assault if he, or she, "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" ***Id.*** at § 2701(a)(1); ***see also Commonwealth v. Jenkins***, 96 A.3d 1055, 1061 (Pa. Super. 2014) (stating, "[a] conviction for simple assault requires the Commonwealth to establish that a defendant caused, or attempted to cause, bodily injury to another person" (citation omitted)), *appeal denied*, 104 A.3d 3 (Pa. 2014).

The Crimes Code defines the terms "knowingly," "intentionally," and "recklessly" as follows:

### § 302.  General requirements of culpability

. . .

**(b) Kinds of culpability defined.**--

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(1-3). "[I]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Miller*, 172 A.3d 632, 641 (Pa. Super. 2017) (citation and original quotation marks omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "Bodily injury" is defined as the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction of strangulation. *Anders* Brief at 15-18. Counsel, upon a review of the record, found this issue wholly frivolous. *Id.* at 18. Counsel asserts that the victim's testimony that Appellant applied pressure directly to her neck, the eyewitness's observation of Appellant choking the victim, the Commonwealth otolaryngology[9] expert's diagnosis that the victim, after the

___

[9] Otolaryngology is a medical specialty that focuses, *inter alia*, on the treatment of issues pertaining to the ears, nose, and throat.

incident, suffered a laryngeal contusion in her throat, and the opinion offered by the Commonwealth's expert in forensic nursing that the victim was strangled, individually and collectively, demonstrated the elements necessary to convict Appellant of strangulation. *Id.* at 16-18.

In viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, the record demonstrates that during the victim's domestic altercation with Appellant, Appellant "put both of his hands around [her] neck and just started to squeeze." N.T., 9/5/18, at 141. According to the victim, Appellant's fingers were on the sides of her neck and his thumbs were on the front of her neck; one thumb on each side of her windpipe. *Id.* at 142. After Appellant placed both of his hands on the victim's neck, the victim "started to see a very bright light, and [her hearing] got very muffled." *Id.* at 143. An eyewitness observed Appellant choking the victim as the victim gasped for air.[10] N.T., 9/6/18, at 254.[11] The responding police officer, Sergeant Byers, stated that upon arriving at the scene of the incident he observed the victim having, *inter alia*, "redness around her neck." N.T., 9/10/18, at 36. Sergeant Byers testified that the injuries he observed were consistent with the victim's recollection of events, which included, *inter alia*,

---

[10] The eyewitness's testimony differed from the victim's account in that the eyewitness, from his vantage point, observed Appellant choking the victim with only one hand around the victim's neck. N.T., 9/5/18, at 254.

[11] The notes of testimony incorrectly identified the testimony as occurring on Thursday, January 6, 2018. The record demonstrates that the testimony occurred on Thursday, September 6, 2018.

that Appellant strangled her during the course of the altercation. *Id.* at 38. Commonwealth Exhibits 1 through 5, admitted at trial, were photographs of the victim's neck as it appeared the night of the incident and depicted redness and injury. *See* Commonwealth Exhibits 1-5.

The Commonwealth's medical expert in otolaryngology examined the victim several days after the incident and concluded, to a reasonable degree of medical certainty, that the victim suffered a contusion injury to the laryngeal or "voice-box" region of the neck. N.T., 9/7/18, at 293.[12] The Commonwealth's medical expert in forensic nursing stated that she reviewed the victim's statement to the police, the transcript of the preliminary hearing, the victim's medical records, and photographs of the victim's injuries. Upon the conclusion of her review, the forensic nurse stated that the evidence demonstrated that the victim's injuries were consistent with having been strangled. *Id.* at 319.

Based upon the totality of the circumstances and viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we find there was sufficient evidence to enable the jury, as trier-of-fact, to find that Appellant strangled the victim. The record demonstrates that Appellant knowingly and intentionally applied pressure to the victim's throat and neck and impeded the victim's breathing to the extent that she was gasping for air,

---

[12] The notes of testimony incorrectly identified the testimony as occurring on Friday, January 7, 2018. The record demonstrates that the testimony occurred on Friday, September 7, 2018.

experienced a change in vision and loss of hearing, and sustained injuries to her neck and throat area consistent with strangulation. Therefore, Appellant's first issue is without merit.

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction of simple assault. *Anders* Brief at 18-19. Counsel concludes that this issue is wholly frivolous because, in addition to the injuries sustained as a result of the strangulation, the victim sustained injuries to her head and body as a result of the altercation with Appellant. *Id.*

As discussed *supra*, the victim sustained bodily injury to her throat and neck as a result of strangulation. Additionally, the victim sustained multiple bodily injuries, including injuries to her shoulder, elbow, back, foot, and face, as a result of Appellant's shoving, hitting, and dragging of the victim throughout the kitchen, deck, and yard areas of Appellant's home. *See, e.g.,* N.T., 9/5/18, at 114, 118, 136, and 144; *see also* Commonwealth Exhibits 6-18 and 22-33.

Based upon the totality of the circumstances and viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we find there was sufficient evidence to enable the jury, as trier-of-fact, to conclude that Appellant knowingly, intentionally, and recklessly caused bodily injury to the victim to support a conviction of simply assault. Therefore, Appellant's second issue is without merit.

Upon a review of the record, we conclude it supports Attorney Semke's assessment that Appellant's appeal is wholly frivolous. Moreover, our

independent review of the record reveals no additional, non-frivolous claims.[13]

Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

_____

[13] In his **_Anders_** brief, counsel asserts,

> Prior [a]ppellate [c]ounsel filed a [Rule 1925(b)] statement that included [the issue,] "Whether the guilty verdict[s] for strangulation and simple assault [were] against the weight of the evidence[?]" However, it appears that neither prior appellate counsel nor trial counsel filed a post[-]sentence motion preserving the issue of weight.

**_Anders_** Brief at 7 n.1.

Although this Court "may overlook certain procedural deficiencies in appellate court filings to ensure that **_Anders_** counsel has not overlooked non-frivolous issues[,]" this Court is not permitted "to address issues that were not properly preserved in the trial court." **_See Commonwealth v. Cox_**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (holding, "the mere filing of an **_Anders_** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal"), _citing_ Pa.R.A.P. 302(a).

Here, the record demonstrates that trial counsel did not raise an issue that the verdict was against the weight of the evidence orally, on the record, prior to sentencing, in a written motion prior to sentencing, or in a post-sentence motion. **_See_** Pa.R.Crim.P. 607(A)(1-3) (stating, "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"); **_see also_** N.T., 9/11/18, at 286 (demonstrating that trial counsel raised "an oral motion to set aside the verdict due to **insufficiency of the evidence**" and not because the verdict was against the weight of the evidence (emphasis added)). Trial counsel, therefore, failed to preserve a weight claim, and we are not permitted to review the issue. **_Cox_**, 231 A.3d at 1016.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2020